%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CLARK, JARL | CITY OF PHILADELPHIA |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF PATRICK G. GECKLE, LLC,  1500 JFK Blvd.
Ste. 1850, 2 Penn Ctr., Phila. PA 19102-215-735-3326

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government
       Plaintiff

☒ 3   Federal Question
       (U.S. Government Not a Party)

☐ 2   U.S. Government
       Defendant

☐ 4   Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | **PERSONAL INJURY -** ☐ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 365 Personal Injury - | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 368 Asbestos Personal | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Injury Product | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Liability | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 385 Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | Product Liability | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | Under Equal Access |
|  | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee |  | ☐ 950 Constitutionality of |
|  | Other |  | ☐ 465 Other Immigration |  | State Statutes |
|  | ☒ 440 Other Civil Rights |  | Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983
Brief description of cause:
Plaintiff was denied his constitutional and statutory rights.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   4/4/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

Michael Cortese

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:   5530 Belmar Street, Philadelphia, PA 19143

Address of Defendant:   1515 Arch Street, 14th  Floor, One Parkway Bldg., Philadelphia, PA 19102-1595

Place of Accident, Incident or Transaction   at or near 16th and Erie Streets, Philadelphia, PA 19140
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated

   action in this court?          Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously

   terminated action in this court?          Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

# ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,   Michael Cortese, Esquire   , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/4/2013 _____  _____  307720
                          Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/4/2013 _____  _____  307720
                          Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JARL CLARK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
       and Human Services denying plaintiff Social Security Benefits                                ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
       exposure to asbestos.                                                                                         ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
       commonly referred to as complex and that need special or intense management by
       the court.  (See reverse side of this form for a detailed explanation of special
       management cases.)                                                                                           ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| | | |
|---|---|---|
| 4/4/2013 | Michael Cortese | Jarl Clark |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-735-3326 | 215-567-1998 | mcortese@pgglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JARL CLARK                                    :
5530 Belmar Street                            :
Philadelphia, PA 19143                        :
                                              :
        vs.                                   :
                                              :
CITY OF PHILADELPHIA                          : Civil Action No.
c/o City of Philadelphia Law Department       :
Claims Unit, One Parkway Building             :
1515 Arch Street, 14th Floor                  :
Philadelphia, PA 19102-1595                   : JURY TRIAL DEMANDED
        and                                   :
POLICE OFFICER SOMMERVILLE                     :
BADGE NUMBER 2028                             :
Individually and as a police officer          :
for the City of Philadelphia                  :
c/o City of Philadelphia Law Department       :
Claims Unit, One Parkway Building             :
1515 Arch Street, 14th Floor                  :
Philadelphia, PA 19102-1595                   :
        and                                   :
POLICE OFFICER JAMES J. RUSSELL, JR.          :
BADGE NUMBER 7038                             :
Individually and as a police officer          :
for the City of Philadelphia                  :
c/o City of Philadelphia Law Department       :
Claims Unit, One Parkway Building             :
1515 Arch Street, 14th Floor                  :
Philadelphia, PA 19102-1595                   :


**COMPLAINT**

**Jurisdiction**

1.      This action is brought pursuant to 42 U.S.C. §
1983.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343
(1), (3), (4) and the aforementioned statutory provision.
Plaintiff further invokes the supplemental jurisdiction of
this Court pursuant to 28 U.S.C. § 1367(a) to hear and
adjudicate state law claims.

1

## Parties

2.      Plaintiff, Jarl Clark ("Mr. Clark"), is an adult individual who resides at 5530 Belmar Street, Philadelphia, Pennsylvania 19143.

3.      Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs or employed Defendants, Police Officer Sommerville and Police Officer James J. Russell, Jr.

4.      Defendant, Police Officer Sommerville, Badge Number 2028, was a Police Officer with the Philadelphia Police Department acting under color of state law at the time of this incident.  He is being sued in his individual and official capacity.

5.      Defendant, Police Officer James J. Russell, Jr., Badge Number 7038, was a Police Officer in the Philadelphia Police Department acting under color of state law at the time of this incident.  He is being sued in his individual and official capacity.

6.      At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiff, Mr. Clark, of his constitutional and statutory rights as hereinafter described.

## Factual Allegations

7.      On or about December 15, 2012 at approximately

2

11:00 A.M., Plaintiff, Jarl Clark, was driving with a friend in the area of 16th and Erie Streets.

8.     Mr. Clark and his friend were pulled over in or around 16th and Erie Streets by Defendant Police Officer Sommerville and Defendant Police Officer James J. Russell.

9.     Defendant Police Officer Sommerville and/or Defendant Police Officer Russell stopped Mr. Clark for an issue with his inspection sticker.

10.     Defendant Police Officer Sommerville and/or Defendant Police Officer Russell approached Mr. Clark's vehicle and asked Mr. Clark for his license, registration, and proof of insurance. Mr. Clark complied and provided the documents to Defendant Police Officer Sommerville and/or Defendant Police Officer Russell.

11.     During the exchange of driving credentials, Mr. Clark informed Defendant Police Officer Sommerville and/or Defendant Police Officer Russell that he was legally carrying a firearm.  Mr. Clark carries his firearm in a holster for self-defense purposes as he is legally entitled to do in Pennsylvania.

12.     Defendant Police Officer Sommerville and/or Defendant Police Officer Russell asked Mr. Clark if he had a valid License to Carry Firearms (hereinafter "LTCF").

13.     Mr. Clark told Defendant Police Officer Sommerville and/or Defendant Police Office Russell that he did indeed have a valid LTCF. Mr. Clark provided Defendant

3

Police Officer Sommerville and/or Defendant Police Officer Russell with his valid LTCF.  Since March 1, 2012, Mr. Clark has held a valid LTCF from the Commonwealth of Pennsylvania.

14.     After Mr. Clark told Defendant Police Officer Sommerville and/or Defendant Police Officer Russell that he had a valid LTCF, Defendant Police Officer Sommerville asked Mr. Clark to show him the firearm.

15.     Mr. Clark complied and showed Defendant Police Officer Sommerville and/or Defendant Police Officer Russell the firearm, which was securely holstered on Mr. Clark's right hip.

16.     Defendant Police Officer Sommerville and/or Defendant Police Officer Russell reached into the car and confiscated the Mr. Clark's firearm from its holster.

17.     Prior to Defendant Police Officer Sommerville and/or Defendant Police Officer Russell confiscating Mr. Clark's firearm from its holster, Mr. Clark never moved to remove the firearm from its holster.  Mr. Clark's firearm was at all times securely holstered prior to being confiscated.

18.     After confiscating Mr. Clark's firearm, Police Officer Sommerville and/or Police Officer Russell asked Mr. Clark and his friend to step out of the car without reasonable suspicion or probable cause.

19.     According to Philadelphia Police Department Directive 137, entitled "Firearms," which was updated by a teletype that was sent to all commanding officers and

4

department heads, once the officers confiscated the weapon they should have sought confirmation that Mr. Clark's LTCF was valid. Instead, Defendant Police Officer Sommerville and/or Defendant Police Officer Russell subjected Mr. Clark to an unlawful search of his body and of his vehicle.

20. Defendant Police Officer Sommerville and/or Defendant Police Officer Russell lacked probable cause or reasonable suspicion for the search, because Mr. Clark provided them with his valid LTCF and the defendant officers had not yet checked whether the LTCF had been revoked or was otherwise invalid. Also, the nature of the motor vehicle stop did not give cause for the search.

21. Mr. Clark and his friend exited Mr. Clark's vehicle at or near a busy public intersection. Defendant Police Officer Sommerville and/or Defendant Police Officer Russell never checked the validity of Mr. Clark's LTCF, prior to removing Mr. Clark and his friend from the car and searching them.

22. Upon exiting the vehicle Mr. Clark and his friend were searched by Police Officer Sommerville and/or Police Officer Russell without reasonable suspicion or probable cause.

23. Mr. Clark's friend was also in possession of a legally registered firearm for which he had a valid LTCF.

24. After completing their unlawful search of Mr. Clark and his friend, Defendant Police Officer Sommerville

and/or Defendant Police Officer Russell unlawfully searched
Mr. Clark's vehicle without a warrant or under any exception
to the warrant requirement.

25.     Defendant Police Officer Sommerville and/or
Defendant Police Officer Russell ordered Mr. Clark and his
friend to get back in Mr. Clark's car and wait.

26.     Defendant Police Officer Sommerville and/or
Defendant Police Officer Russell took Mr. Clark's driver's
license, registration, and confiscated firearm back to their
police vehicle.

27.     Upon information and belief, Defendant Police
Officer Sommerville and/or Defendant Police Officer Russell
ran Mr. Clark's name on the Mobile Data Terminal (hereinafter
"MDT") in their police vehicle.

28.     Upon information and belief, once again
Defendant Police Officer Sommerville and/or Defendant Police
Officer Russell failed to check the validity of Mr. Clark's
LTCF, which is required under Philadelphia Police Directive
137.  Police Officer Sommerville and/or Police Officer
Russell could have checked the validity of Mr. Clark's LTCF
in only a few minutes by calling a Pennsylvania State Police
twenty-four hour hotline, calling the number listed on Mr.
Clark's LTCF for law enforcement use, and/or by conducting a
computer database query.

29.     While running Mr. Clark's name, Defendant
Police Officer Sommerville and/or Defendant Police Officer

Russell found a Protection from Abuse Order (hereinafter "PFA") that Mr. Clark had against a woman.

30.      Defendant Police Officer Sommerville and/or Defendant Police Officer Russell acted recklessly, maliciously, and/or with reckless disregard for the truth by assuming that the Mr. Clark was the actual subject of the PFA and not the one seeking protection.

31.      After running Mr. Clark's name and finding the PFA, Defendant Police Officer Sommerville and/or Defendant Russell got out of the police vehicle and returned to Mr. Clark's car.  Defendant Police Officer Sommerville and/or Defendant Police Officer Russell gestured for Mr. Clark to get out of his car.

32.      Once Mr. Clark exited his vehicle, Defendant Police Officer Sommerville and/or Defendant Police Officer Russell arrested and handcuffed Mr. Clark without probable cause in front of his friend and in the presence of many other citizens.  Taking the facts known to Defendant Police Officer Sommerville and/or Defendant Police Officer Russell as true, a reasonably well-trained police officer would have known that the facts did not establish probable cause for Mr. Clark's arrest.

33.      Specifically, Defendant Police Officer Sommerville and/or Defendant Police Officer Russell subjected Mr. Clark to a warrantless arrest without checking the validity of his LTCF; without confirming that Mr. Clark was

not the actual subject of the PFA they found; and based Mr. Clark's arrest upon a reckless and malicious disregard for the truth. The truth being that Mr. Clark had a valid LTCF and was not the subject of the PFA, which the Defendant Police Officers had found after running Mr. Clark's name.

34.      Mr. Clark, who had not violated any laws of the Commonwealth of Pennsylvania or any other jurisdiction, was handcuffed and placed in the back of a police vehicle by Defendant Police Officer Sommerville and/or Defendant Police Officer Russell. Mr. Clark was then transported by Defendant Police Officer Russell and Defendant Police Officer Sommerville to the 35th District.

35.      During the ride to the 35th District, Defendant Police Officer Sommerville and/or Defendant Police Officer Russell asked Mr. Clark if he ever been served with a PFA and/or if someone had a PFA against him. Mr. Clark responded "No." Mr. Clark's response to Defendant Police Officer Sommerville and/or Defendant Police Officer Russell's question regarding the PFA was ignored by the defendant police officers.

36.      At the time of his unlawful arrest, Mr. Clark was not the subject of an active PFA. Mr. Clark did have an active PFA against a woman by the name of Iris Carrasquillo, which had an effective date of September 17, 2012.

37.      Mr. Clark informed Defendant Police Officer Sommerville and/or Defendant Police Officer Russell about the

active PFA he had against Ms. Carrasquillo.

38.     Instead of listening to Mr. Clark regarding
his PFA against Ms. Carrasquillo, Defendant Police Officer
Sommerville and/or Defendant Police Officer Russell insulted
and humiliated Mr. Clark by telling him that men don't get
PFAs against girls.

39.     Upon information and belief, the PFA that Mr.
Clark had against Ms. Carrasquillo was displayed on the MDT
in the police vehicle. Mr. Clark pointed out the PFA on the
MDT to Defendant Police Officer Sommerville and/or Defendant
Police Officer Russell.  While pointing out the PFA, Mr.
Clark again told Defendant Police Officer Sommerville and/or
Defendant Police Officer Russell that he had the PFA against
Ms. Carrasquillo.

40.     But again, Defendant Police Officer
Sommerville and/or Defendant Police Officer Russell ignored
Mr. Clark. Defendant Police Officer Sommerville and/or
Defendant Police Officer Russell told Mr. Clark that if there
was a mistake the court would figure it out.

41.     Once Mr. Clark arrived at the 35th Police
District, he was unlawfully searched again by Defendant
Police Officer Sommerville, Defendant Police Officer Russell,
and/or a non-defendant police officer.  This intrusive search
was a foreseeable consequence of the defendant police
officers' unlawful arrest of Mr. Clark.

42.     While at the 35th District, Defendant Police

9

Officer Sommerville and/or Defendant Police Officer Russell conducted either no investigation or a very insufficient investigation into Mr. Clark's PFA and LTCF.

43.     Also, Defendant Police Officer Sommerville and/or Defendant Police Officer Russell made false or misleading written statements and/or reports concerning the events and facts that led to Mr. Clark's arrest.

44.     Defendant Police Officer Sommerville and/or Defendant Police Officer Russell's insufficient and improper investigation; false or misleading statements in their reports; and/or reckless disregard for the truth caused other Philadelphia Police Officers and/or Detectives to prepare police paperwork misrepresenting the events and facts that led to the arrest of Mr. Clark.

45.     The defendant police officers alleged with reckless disregard for the truth that Mr. Clark was the subject of an active PFA, which prohibited him from having a LTCF. Also, that Mr. Clark did not have a valid LTCF for the firearm he was carrying securely in a holster during the initial traffic stop.

46.     Defendant Police Officer Sommerville and/or Defendant Police Officer Russell also failed to provide material exculpatory information about Mr. Clark to supervising Philadelphia Police Officers, Detectives, and/or the Assistant District Attorney that charged Mr. Clark.

47.     Specifically, they failed to tell anyone that

Mr. Clark told the defendant officers that he was not the subject of any active PFAs. Also, Defendant Police Officer Sommerville and/or Defendant Police Officer Russell failed to provide a copy of Mr. Clark's PFA against Ms. Carrasquillo.

48.     Defendant Police Officer Sommerville and/or Defendant Police Officer Russell failed to follow-up on or investigate exculpatory information, which Mr. Clark had made known to them. Specifically, that Mr. Clark did not have any active PFAs against him and that he had a valid LTCF.

49.     Based on the egregious misconduct and reckless disregard for the truth described above Mr. Clark concludes that Defendant Police Officer Sommerville and/or Defendant Police Officer Russell, in anticipation of charging Mr. Clark, provided false and misleading material information to the Magistrate and the District Attorney's office, and omitted certain other exculpatory and material information, which resulted in the filing and approval of charges against Mr. Clark.

50.     Mr. Clark was arraigned on the false charge of Persons Not to Possess, Use, Manufacture, Control, Sell, or transfer Firearms pursuant to 18 Pa.C.S. § 6105(c)(6), which is a felony.

51.     Initially, Mr. Clark's bail was set at $50,000, but was reduced to $25,000 after it was determined that his LTCF was valid. Because of his unlawful arrest, Mr. Clark spent two days in jail until he was able to make bail.

52.        Also because his unlawful arrest and detention, Mr. Clark was subjected to two intrusive searches of his body by Defendant Police Officer Sommerville, Defendant Police Officer Russell, and/or a non-defendant police officer. In addition, Mr. Clark was deprived of his liberty and embarrassed and humiliated by Defendant Police Officer Sommerville and/or Defendant Police Officer Russell in the presence of his friend and many citizens who witnessed his unlawful arrest.

53.        Because of his unlawful arrest and malicious criminal charges Mr. Clark was unable to renew his real estate licenses. Mr. Clark's liberty was impugned because he had to spend time and energy to get his unlawfully confiscated firearm back and in defending himself against the false criminal charges at court.

54.        At no time did Mr. Clark do anything which violated any laws of the Commonwealth of Pennsylvania. On December 15, 2012, Mr. Clark had a valid LTCF, which he obtained after a lengthy vetting process pursuant to 18 Pa.C.S. § 6109. In addition, on December 15, 2012, Mr. Clark had a PFA against a Ms. Carrasquillo; and was not the defendant.

55.        Accordingly, the charges against Mr. Clark were withdrawn on January 16, 2013 without a criminal trial.

56.        The defendant police officers' omission of exculpatory information and reckless disregard for the truth

12

and false statements caused Mr. Clark to be arrested and prosecuted without probable cause or any reasonable lawful basis.

57.     Based on the aforementioned acts and conduct, it is clear that Defendant Police Officer Sommerville and Defendant Police Officer Russell acted willfully, deliberately, maliciously, knowingly, negligently, and with reckless disregard for the constitutional and statutory rights of Mr. Clark under the Fourth Amendment.

58.     The unlawful arrest and malicious prosecution in this case, is an example of the Defendant, City of Philadelphia's pattern, practice and custom of subjecting citizens with valid LTCF, such as Mr. Clark to arrest and prosecution in the absence of probable cause or with a reckless disregard for the truth.

59.     As a direct and proximate result of the aforementioned outrageous acts and reckless disregard for the truth by the Defendants, Mr. Clark sustained reputation damage, humiliation, loss of liberty, monetary loss (including but not limited to, being unable to renew his real estate licenses), emotional distress, and possibly other injuries causing him pain and suffering.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

60.     Plaintiff incorporates by reference paragraphs 1 through 59 of the instant Complaint.

13

61.     As a direct and proximate result of all of the
Defendants' conduct, committed under color of state law,
Plaintiff, Mr. Clark was deprived of his right to be free
from unreasonable search and seizure; false arrest; malicious
prosecution; and to be secure in his person and property.  As
a result, Mr. Clark suffered and continues to suffer harm,
losses, damages, and injury in violation of his rights under
the laws of the Constitution of the United States, in
particular the Fourth Amendment thereof, and 42 U.S.C. §
1983.

62.     As a direct and proximate result of the acts
of all Defendants, Mr. Clark sustained financial harm;
emotional distress; humiliation, damage to his reputation;
and loss of liberty; all to his detriment and harm.

63.     Defendant, City of Philadelphia, has
encouraged, tolerated, ratified and has been deliberately
indifferent to the following patterns, practices and customs
and to the need for more or different training, supervision,
investigation or discipline in the areas of:

                    a.    The proper exercise of police powers,
                          including but not limited to the
                          investigation, unlawful arrest and
                          malicious prosecution of citizens with
                          valid LTCF;

                    b.    The failure to identify and take remedial
                          disciplinary action against police

14

officers who were the subject of prior civilian or internal complaints of misconduct, including but not limited to the improper investigation, unlawful arrest, and malicious prosecution of citizens with valid LTCF;

c. The failure to enforce and take remedial disciplinary action against police officers that violate Philadelphia Police Directive 137 by subjecting citizens with valid LTCF to unlawful searches, unlawful arrest, and malicious prosecution;

d. Police officers' use of their status as police officers to employ the use of unlawful arrest to achieve ends not reasonably related to the police duties; and

e. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrest powers under such circumstances as presented herein.

64. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of, conceal, and/or aid in violations of constitutional rights of citizens

15

by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the Defendant officers in this case, to violate the rights of citizens that hold valid LTCF, such as Mr. Clark.

65. Defendants have by the above described actions deprived Plaintiff, Mr. Clark of rights secured by the Fourth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs;

d. Such other and further relief as appears reasonable and just; and

e. A jury trial as to each Defendant and as to each count.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

66. Plaintiff incorporates by reference paragraphs 1 through 65 of the instant Complaint.

67. The acts of the individual Defendants in this cause of action constitute false arrest and malicious prosecution under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

16

WHEREFORE, Plaintiff requests the following relief:

a.   Compensatory damages;

b.   Punitive damages;

c.   Reasonable attorney's fees and costs;

d.   Such other and further relief as appears reasonable and just; and

e.   A jury trial as to each Defendant and as to each count.

PATRICK G. GECKLE, LLC

By: _____
    Michael Cortese,
    Attorney I.D. No.: 307720
    PATRICK G. GECKLE, LLC
    TWO PENN CENTER
    1500 J.F.K. Blvd, Ste. 1850
    Philadelphia, PA 19102
    (215) 735-3326
    E-Mail: mcortese@pgglaw.com
    Counsel for Plaintiff